**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEATA SAMAROO | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Case No.: |
| | * |
| UNITED STATES POSTAL SERVICE | *   DEMAND FOR JURY TRIAL |
| | * |
| Defendant, | * |
| | * |
| | * |

**COMPLAINT**

Plaintiff, Seata Samaroo, by and through undersigned counsel, allege as follows:

**JURISDICTION AND VENUE**

1. As set forth herein, Plaintiffs' action against the United States Postal Service (hereinafter referred to as "U.S.P.S.") arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

2. This Court has supplemental jurisdiction over all other claims asserted herein in that they are related to those issues over which original jurisdiction is conferred, and are part of the same case or controversy, pursuant to 28 U.S.C. §1367(a).

3. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) in that, at all times relevant hereto, the Plaintiff was a resident of Sussex County, Delaware, which is within this judicial District. Further, the events or omissions giving rise to the claims herein occurred in Sussex County, Delaware, which is within this judicial District.

4. On February 4, 2020, Plaintiff presented via Registered Mail, Return Receipt Requested her claim to Defendant U.S.P.S, pursuant to 28 U.S.C. § 2675 and 28 C.F.R. Part 14. Said claim contained a demand for money damages, and such demand was a sum certain.

The said claim was received by Defendant U.S.P.S on February 5, 2020. On May 11, 2020, Defendant U.S.P.S. denied Plaintiff's claim. On August 24, 2020 Plaintiff presented via Registered Mail, Return Receipt Requested her claim to Defendant U.S.P.S, pursuant to 28 U.S.C. § 2675 and 28 C.F.R. Part 14. Said written request for reconsideration of said denial letter dated May 11, 2020. On August 31, 2020 Defendant U.S.P.S denied Plaintiff's reconsideration request.

## PARTIES

5.  Plaintiff, Seata Samaroo is a resident of Sussex County, State of Delaware who may be contacted for purposes of this litigation through her counsel, Stephen P. Norman, Esquire of The Norman Law Firm, 30838 Vines Creek Road; Unit 3, Dagsboro, DE 19939

6.  Defendant U.S.P.S., at all times relevant hereto, maintained a post office at 115 South King Street, Georgetown, DE 19947.

## FACTS

7.  Plaintiff at the time of incident was a fifty-seven (57) year old female.

8.  During the month of December 2017, Plaintiff was employed by the Defendant, U.S.P.S. as a postal carrier.

9.  Plaintiff's last day of employment was December 24, 2017.

10. Plaintiff was lawfully on the premises of the Defendant's U.S.P.S. facility at all relevant times.

11. Upon the request of the Postmaster, in the early afternoon of February 23, 2018 Plaintiff returned to Defendant's location to sign documents.

12. Upon entering the back of the U.S.P.S. building, Plaintiff entered the first set of double doors that let into the loading area.

13. As Plaintiff continued through the first set of double doors a plastic bundle strap was laying on the ground and caught the right foot of Plaintiff.

14. Plaintiff's left foot became entangled with the plastic bundle strap.

15. Now both of Plaintiff's feet were entangled with the plastic bundle strap.

16. Plaintiff then fell into the second set of double doors which lead into the work area of the U.S.P.S. building.

17. Plaintiff then violently fell to the ground, severely injuring herself and suffering damages.

## COUNT I: PREMISES NEGLIGENCE

18. Plaintiff re-alleges and incorporates by reference all the allegations in the General Allegations, above and below, as though fully set forth herein.

19. Defendant and at the time Postmaster Kristin L. Brand as controllers, managers, and maintainers of the U.S.P.S. located in Georgetown, Delaware, owed Plaintiff a duty of care to keep the premises reasonably safe and to make safe and repair any dangerous conditions on the premises that it and its agents and employees either knew about or should have discovered upon reasonable inspection of the premises.

20. Defendant, by and through the acts and omissions of its agents and employees, breached its duty of care to Plaintiff by failing to discover and/or remove the dangerous conditions of the plastic bundle strap on the floor.

21. As a direct and proximate cause of Defendant's breach of duty, Plaintiff tripped and fell and suffered severe injuries and damages.

## COUNT II: NEGLIGENCE

22. Plaintiff re-alleges and incorporates by reference all of the allegations in the General Allegations, above and below, as though fully set forth herein.

23. Defendant owed Plaintiff a duty of care to reasonably keep U.S.P.S. building premises safe from unreasonable dangerous conditions that it and its agents and employees were either aware of or should have been aware of upon reasonable inspection.

24. By and through the acts and omission of Defendant's agents and employees, Defendant breached its duty of care by unreasonably failing to discover, warn of, and/or remove the unreasonable dangerous condition on the U.S.P.S facility premises.

25. As a direct and proximate cause of Defendants breach of duty, Plaintiff tripped and fell and suffered severe injuries and damages.

WHEREFORE, Plaintiff requests that the Court enter a judgment in favor of Plaintiff and against Defendant and award Plaintiff her actual and compensatory damages, medical expenses, lost wages, punitive damages, costs, expenses, and interest, together with such other relief that Court deems just.

Respectfully Submitted,

By: */s/ Stephen P. Norman*

**DATED: February 16, 2021**
Stephen P. Norman, Esquire, Bar ID 4620
The Norman Law Firm
30838 Vines Creek Road; Unit 3
Dagsboro, DE  19939
302-537-3788
snorman@thenormanlawfirm.com
*Attorney for Plaintiff*